IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD MICHAEL SIMMONS, | : | No. 4:cv-06-1660 |
| | : | |
| Petitioner | : | (Judge Jones) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Blewitt) |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, et. al, | : | |
| Respondents | : | |

## MEMORANDUM

### March 26, 2007

## THE BACKGROUND OF THIS MEMORANDUM  IS AS FOLLOWS:

On April 24, 2006, Petitioner Richard Michael Simmons ("Petitioner") an

inmate at the State Correctional Institution at Dallas ("SCI-Dallas") filed a petition

for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition").  (Rec. Doc. 1).

Petitioner challenges a 1995 third degree murder conviction in the Franklin County

Court of Common Pleas ("CCP").

On February 26, 2007, Magistrate Judge Blewitt issued a Report and

Recommendation (doc. 10)  recommending that the Petition be dismissed because

it is untimely pursuant to 28 U.S.C. § 2244(d)(1)(A).  Objections to the Magistrate

Judge's report were due by March 15, 2007, and to date none have been filed.

Therefore, this matter is ripe for our review.

1

**PROCEDURAL HISTORY:**

In the Petition, Petitioner challenges the aforementioned 1995 third degree murder conviction in the Franklin County CCP.  Petitioner raises the following four grounds in the Petition: (1) Prosecution prohibited by virtue of his conviction under a repealed Pennsylvania Constitution of 1873; (2) No provision for criminal code in Pennsylvania Constitution of 1873 or 1968; (3) Lack of jurisdiction by state court; and (4) Pennsylvania legislature unconstitutionally gave the Pennsylvania Supreme Court legislative power in the Pennsylvania Constitution of 1968.  (Rec. Doc. 1, p. 1-4).  Petitioner also asserts that his conviction and sentence were unconstitutional based on the above stated grounds.  (Rec. Doc. 1, p. 1).

Before serving the Petition on the Respondents and addressing the merits of Petitioner's claims, on August 30, 2006, Magistrate Judge Blewitt directed Petitioner to submit to the Court copies of all of his state court appeals and the state court decisions, opinions, and orders regarding both his direct and collateral appeals, along with the filing dates thereof.[1]  Magistrate Judge Blewitt indicated

_____

[1] As noted by Magistrate Judge Blewitt, the amended provisions of 28 U.S.C. § 2244(d)(1) impose limitations on the right to pursue federal habeas relief.  The amendments impose a one year statute of limitations for §2254 habeas petitions.  See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).  There are four potential starting points for determining when the statute of limitations begins to run.  The applicable starting point in the instant matter is May 23, 1997, when the Petitioner's judgment of sentence became final, since this date was after the date of the enactment of the AEDPA.  See Merritt v. Blaine, 326 F. 3d 157 (3d Cir. 2003).  Any time devoted to pursuing a properly filed application for state post-conviction relief or other collateral

that he would then determine if the Petition was timely filed under the AEDPA,[2] and if it was, whether his instant claims were exhausted in the state courts.[3] (Rec. Doc. 3).

On September 11, 2006, Petitioner filed what was presumably his Response to Magistrate Judge Blewitt's August 30, 2006 Order. (Rec. Doc. 4). Petitioner's filing did not contain *any* of the information that Petitioner was directed to supply to the Court. On September 25, 2006, Magistrate Judge Blewitt then directed the Franklin County District Attorney ("DA") to respond to the Petition regarding the statute of limitations and exhaustion issues within fifteen days. (Rec. Doc. 6). Petitioner was afforded an opportunity to then file a traverse. On October 16,

---

relief is excluded from the limitations period. 28 U.S.C. § 2244(d)(2); Merritt, *supra.*

[2] The United States Court of Appeals for the Third Circuit has ruled that a district court may *sua sponte* raise the AEDPA's statute of limitations and may summarily dismiss a §2254 habeas petition after a petitioner is afforded notice and an opportunity to be heard. Holden v. Mechling, 2005 WL 1219860 (3d Cir. 2005). Magistrate Judge Blewitt gave Petitioner notice and an opportunity to be heard regarding whether his Petition was timely under the AEDPA.

Magistrate Judge Blewitt notes that on the face of the Petition, Petitioner states that he seeks to be excused from exhausting his state court remedies as they would be futile since every criminal rule of court and criminal procedure enacted by the Pennsylvania legislature is unconstitutional. (Rec. Doc. 1, p. 1). Petitioner clearly would not be excused from the exhaustion requirement based on such a meritless futility argument.

[3] Prisoners are required to exhaust their claims in state court before seeking relief from federal courts. 28 U.S.C. § 2254(b)(1)(A); see also Landano v. Rafferty, 897 F.2d 661, 668 (3d Cir. 1990). It is well settled in the Third Circuit that the Court has discretion to raise procedural issues, such as exhaustion of state court remedies, in habeas cases, and may do so *sua sponte*. See Sweger v. Chesney, 294 F.3d 506, 520-521 (3d Cir. 2001), *cert. denied*, 538 U.S. 1002 (2003).

2006, Respondent DA filed his Response as directed, with attached exhibits.  (Rec. Doc. 8).  Petitioner did not file a traverse.

In the Response, Respondents argued that Petitioner's one-year AEDPA statute of limitations had expired, and moved to dismiss the Petition.  Respondents further argued that Petition was subject to dismissal because the Petitioner did not exhaust state remedies.[4]

**FACTUAL BACKGROUND**:

On May 1995, Petitioner, pursuant to a plea agreement, entered a plea of nolo contendere to third degree murder, in connection with the slaying of his paramour, Shawn Reitz, which occurred on January 12, 1989.  On June 28, 1995, the Franklin County CCP imposed a prison sentence of from ten to twenty years, a fine of five thousand dollars, and restitution to the victim's parents for funeral related expenses.

On July 7, 1995, Petitioner filed a "Motion to Modify Sentence" with the CCP, which was denied by order dated July 10, 1995.  The Petitioner appealed this denial on July 27, 1995 to the Superior Court.  On August 19, 1996, the Superior Court considered the Petitioner's appeal of the CCP's July 10, 1995 order. The

---

[4] As noted, Petitioner conceded that he did not exhaust his state court remedies and raised a baseless futility argument.  (Rec. Doc. 1, p. 1).

4

Superior Court affirmed the CCP's order and the Petitioner's judgment of sentence. Petitioner then timely filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court on September 18, 1996.  On May 23, 1997, the Pennsylvania Supreme Court denied Petitioner's Petition for Allowance of Appeal. There are no further records that Petitioner filed any additional state appeals, namely a collateral appeal via a PCRA petition, with respect to his challenged sentence for the conviction at issue herein.  Therefore, since Petitioner did not have any state court appeals pending after the Supreme Court's May 23, 1997 order, there was no further tolling of Petitioner's AEDPA statute of limitations regarding his 1995 conviction and sentence.

**DISCUSSION**:

Our review of this case confirms Magistrate Judge s Blewitt's determinations and well-reasoned analysis, and while we have not been presented with any reason to revisit them, we do reiterate the salient aspects of the Magistrate Judge's report.

First, Magistrate Judge Blewitt finds that Petitioner's one year AEDPA statute of limitations expired well before he filed the instant Petition.  Petitioner's judgment of sentence became final on May 23, 1997, when the Pennsylvania Supreme Court denied his Petition for Allowance of Appeal regarding his

judgment of sentence.  Petitioner did not file any further appeals of his judgment of sentence of June 28, 1995.  Petitioner was afforded ample opportunity to do so, but offers *no* evidence whatsoever that he filed a collateral appeal of his judgment of sentence.  Furthermore, Petitioner never appealed the Superior Court's order affirming the Petitioner's judgment of sentence and the CCP's denial of Petitioner's Motion to Modify Sentence.  Accordingly, as Magistrate Judge Blewitt finds, Petitioner's one year statute of limitations effectively ran on May 23, 1998, one year after his judgment of sentence was final.  There is simply no evidence that the statute of limitations was tolled for any reason in the period from the date of the Supreme Court's order until the filing of the instant Petition.

Second, Magistrate Judge Blewitt found, and we wholly agree, that equitable tolling of the AEDPA's statute of limitations is not warranted in this matter.  As noted, the one year AEDPA statute of limitations is subject to equitable tolling, see Fahy v. Horn, 240 F.3d 239, 244 (2001), however it is only properly applied in "rare and exceptional circumstances."  Musgrove v. Filion, 232 F. Supp. 2d 26, 28 (E.D. N.Y. 2002).  To invoke the doctrine, a petitioner must show both that 1) extraordinary circumstances prevented him from timely filing his petition and 2) that he acted with reasonable diligence during the period he seeks to toll.  As noted by the Magistrate Judge, the record is simply devoid of any evidence of either

exceptional circumstances justifying an untimely filing by Petitioner or any diligence on Petitioner's part during the period in question.  Accordingly, we agree with Magistrate Judge Blewitt that the Petitioner cannot seek the protection of equitable tolling.  Therefore, because the Petitioner filed his Petition beyond the applicable statute of limitations and because the statute of limitations was not subject to equitable tolling, the instant Petition (doc. 1) shall be dismissed.

Our review of this case obviously confirms Magistrate Judge Blewitt's determinations.  Because we find no error in Magistrate Judge Blewitt's Report and Recommendation and because no objections have been filed, we will adopt it as our own for the reasons cited herein.  An appropriate Order shall issue.


s/ John E. Jones III
John E. Jones III
United States District Judge